1

2

3

4

5

6

7
# UNITED STATES DISTRICT COURT

8
EASTERN DISTRICT OF CALIFORNIA

9
JOE HAND PROMOTIONS, INC.,                    CASE NO. 1:11-cv-01907-AWI-SMS

10
          Plaintiff,

11
                            **FINDINGS AND RECOMMENDATIONS**
                            **RECOMMENDING THE GRANT OF**

12
     v.                      **PLAINTIFF'S MOTION FOR**
                            **DEFAULT JUDGMENT**

13
JEFFREY ALAN HATHCOCK and
MARLENE SUE HATHCOCK,

14
          Defendants.        (Doc. 13)

15

16
      Plaintiff Joe Hand Promotions, Inc., moves for Entry of Default Judgment against

17
Defendants Jeffrey Alan Hathcock and Marlene Sue Hathcock, individually and doing business

18
as Halfy's Pub. This Court has reviewed Plaintiff's motion and supporting documents and has

19
determined that this matter is suitable for decision without oral argument pursuant to Local Rule

20
78-230(h). Having reviewed all written materials submitted and applicable law, the Court

21
recommends that Plaintiff's motion be granted but that damages be set at an amount lower than

22
the amount that Plaintiff requests.

23
**II.**     **Legal and Factual Background**

24
      On November 16, 2011, Plaintiff filed its complaint against Defendants, alleging

25
violations of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.*, as well as claims under

26
California state law. The allegations are based on Defendants' alleged unlawful interception,

27
receiving, and exhibiting of "Ultimate Fighting Championship 121: Rampage Jackson v. Lyoto

28
///

1

1   Machida" (the "program"), which was telecast on November 20, 2010.  Plaintiff was the

2   exclusive commercial distributor of the program.

3          Halfy's Pub, a bar and restaurant in Tulare, California, is licensed to sell beer and wine.

4   It has a seating capacity of approximately 150 persons. In the course of the broadcast, 51 to 53

5   people were present.  The restaurant had three 30-inch, flat-screen televisions located behind the

6   bar and seven 24-inch televisions mounted on pillars throughout the establishment.  Plaintiff's

7   agent described the pub as being in "poor" condition.

8          The first cause of action for violation of 47 U.S.C. § 605 (Unauthorized Publication or

9   Use of Communications) alleges that Defendants knowingly intercepted, received, and exhibited

10  the program for purposes of direct or indirect commercial advantage or private financial gain.

11  Section 605 provides that a plaintiff may recover its actual damages or statutory damages not less

12  than $1000.00 nor more than $10,000.00, and if the violation was willful and for purposes of

13  direct or indirect commercial advantage or private financial gain, the damages may be enhanced

14  by an amount not more than $100,000.00 for each violation.  47 U.S.C. § 605 (e)(3)(C).

15         The second cause of action for violation of 47 U.S.C. § 553 (Unauthorized Reception of

16  Cable Services) is based upon the same allegations.  It provides that the plaintiff may recover its

17  actual damages and any profits resulting from Defendants' violation, or statutory damages "in a

18  sum not less than $250 or more than $10,000 as the court considers just."  47 U.S.C. § 553

19  (c)(3)(A)(I).  If the violation was committed willfully and for purposes of commercial advantage

20  or personal financial gain, the Court may increase damages by an amount of no more than

21  $50,000.00.  47 U.S.C. § 553 (c)(3)(B).

22         The third cause of action for conversion alleges that Defendants tortuously obtained

23  possession of the program and wrongfully converted it for their own benefit.  Plaintiff alleges

24  that these acts were willful and intentionally designed to harm Plaintiff and subject it to

25  economic distress.  The fourth count alleges a violation of Cal. Bus. & Prof. Code § 17200, *et*

26  *seq*., for which Plaintiff seeks restitution, declaratory and injunctive relief, as well as costs and

27  attorneys' fees.

28  ///

1    In its motion, Plaintiff requests $110,000.00, the maximum statutory amount of statutory

2  damages and enhancements under 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii).  Plaintiff also

3  requests $1200.00, the licensing fee for the program for establishments the size of Halfy's Pub,

4  as damages for conversion.

5  **II.    Default Judgment**

6    Federal Rule of Civil Procedure 55(b)(2) provides:

7    (2) By the Court.  In all other cases the party entitled to judgment by default shall
     apply to the court therefor; but no judgment shall be entered against an infant or
8    incompetent person unless represented in the action by a general guardian,
     committee, conservator, or other such representative who has appeared therein.  If
9    the party against whom judgment by default is sought has appeared in the action,
     the party (or, if appearing by representative, the party's representative) shall be
10   served with written notice of the application for judgment at least 3 days prior to
     the hearing on such application.  If, in order to enable the court to enter judgment
11   or to carry it into effect, it is necessary to take an account or to determine the
     amount of damages or to establish the truth of any averment by evidence or to
12   make an investigation of any other matter, the court may conduct such hearings or
     order such references as it deems necessary and proper and shall accord a right of
13   trial by jury to the parties when and as required by any statute of the United States.

14    "[U]pon default, the well pleaded allegations of the complaint relating to liability are

15  taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319,

16  1323 (7th Cir. 1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.

17  1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint

18  are deemed admitted."  10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

19    Pursuant to the proof of service filed with the court on February 14, 2012, Defendant

20  Marlene Sue Hathcock was served on January 24, 2012, and Defendant Jeffrey Alan Hathcock,

21  on January 25, 2012.  On March 20, 2012, the Clerk entered default against both Defendants.

22  Neither Defendant is an infant or incompetent person, nor is either in military service or

23  otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Neither

24  Defendant has appeared at any point in this action.  Accordingly, this Court recommends

25  granting Plaintiff's motion for default judgment.

26  **III.   Damages**

27    Because the Court must accept the well pleaded allegations of the complaint as true,

28  Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C.

1 § 553 as well as the common law tort of conversion. The Court's principal task is to determine

2 just damages.

### A. Conversion

4 Under California law, the elements of conversion are (1) ownership or right to possession

5 of the property; (2) wrongful disposition of that property right; and (3) monetary damages.

6 *Krueger v. Bank of America*, 145 Cal.App.3d 204, 215 (1983). Because the license fee for an

7 establishment the size of Halfy's Pub would have been $1200.00, Plaintiff is entitled to $1200.00

8 in compensatory damages for the tort of conversion.

### B. Communications Act Violations

10 Based on the pleadings, Defendants are liable for violating 47 U.S.C. §§ 605 and 553,

11 both of which prohibit the unauthorized interception and reception of cable television

12 programming. Section 605 provides for greater damages than § 553. *See International*

13 *Cablevision v. Sykes*, 997 F.2d 998, 1009 (2d Cir. 1993).

14 Statutory damages under § 605 range from $1000 to no more than $10,000. 47 U.S.C. §

15 605 (e)(3)(C). The Court determines the statutory damages award according to what it

16 "considers just." *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198 (N.D.

17 Cal. 2000).

18 The Court also has the discretion to increase the damages award by up to $100,000 if the

19 violation was willful and committed for purposes of direct or indirect commercial advantage or

20 gain. 47 U.S.C. § 605 (e)(3)(C )(ii). "[T]he mere assertion that the defendant acted willfully is

21 insufficient to justify enhanced damages." *Backman*, 102 F.Supp.2d at 1198. To establish

22 "significant commercial advantage or private financial gain," a plaintiff must allege something

23 more than the mere airing of a program, such as engaging in promotional advertising, imposing a

24 cover charge, or charging a premium for food or drinks. *Id.* The size of the audience, the

25 establishment, or both is also relevant to the measure of enhanced damages, as is whether the

26 customers are present primarily to watch the broadcast or have come for another purpose while

27 the program is being aired. *Id.* Awards should be proportional to the violation. *Id.* Higher

28 statutory awards are indicated for repeat offenders. *Id.* at 1198-99.

1    Plaintiff contends that it is entitled to enhanced damages even though it alleges nothing

2   more than that Defendants aired the program.  Although Halfy's Pub can seat approximately 150

3   people, since only 51 to 53 were present while Defendants were displaying the program, the

4   restaurant was not even one-third full.  Defendants did not impose a cover charge.  Plaintiff does

5   not contend that food or drink prices were increased, or that Defendants advertised the program.

6   Plaintiff does not allege that any patrons were present primarily to watch the program rather than

7   to patronize the restaurant.

8    As the Court observed in *Joe Hand Promotions, Inc. v. Streshly*: "[Defendant] may be the

9   Blackbeard of pirates, but Plaintiff makes no attempt to portray it as such, and to the contrary, the

10  act of piracy attributed to [Defendant] is as routine as they come . . . . . "  655 F.Supp.2d 1136,

11  1139 (S.D. Cal. 2009).  Streshly's offense was more egregious that Defendants' in that Streshly

12  advertised the bout.  *Id.*  Nonetheless, the court refused to enter default judgment, finding that the

13  plaintiff overreached by seeking damages of $100,875.  *Id.*  Here, Plaintiff seeks $111,200.

14   Awarding the statutory maximum is inappropriate "in the absence of unusual or

15  particularly egregious circumstances under which a defendant broadcast the fight."  *Don King*

16  *Productions/Kingvision v. Maldonado*, 1998 WL 879683 (N.D. Cal. December 11, 1998)(No. C-

17  97-3530 WHO MED), *citing Joe Hand Promotions v. Burg's Lounge*, 955 F.Supp. 42, 44 (E.D.

18  Pa. 1997).  Nothing in the record suggests that Defendants experienced any significant

19  "commercial advantage or private financial gain" as a result of its airing the program.  There was

20  no cover charge.  Plaintiff does not allege that Defendants promoted the showing the program in

21  any way or charged premium prices for food and drinks during the program.  With its highest

22  head count of the evening at 53 persons, showing the program produced minimal financial gain,

23  if any.   In light of these facts, imposing the maximum statutory damages and enhancement

24  would be inappropriate.

25   The undersigned recommends that the district court award only basic statutory damages

26  for Defendants' violation of 47 U.S.C. § 605.  Statutory damages awarded to first-time offenders

27  in establishments of similar size have varied widely.  Plaintiff's memorandum of points and

28  authorities presents multiple cases in which courts have awarded enhanced damages.  In other

1 cases, courts found that no factors justified an award of enhanced damages and awarded statutory

2 damages in amounts far less than the maximum permitted under the statute. *See, e.g., J & J*

3 *Sports Productions, Inc. v. Curtis*, 2012 WL 1108829 at *7 (E.D. Cal. April 2, 2012) (No. 2:10-

4 cv-1053-JAM) (awarding statutory damages of $10,000.00); *J & J Sports Productions, Inc. v.*

5 *Figueroa*, 2012 WL 996531 at * 4 (E.D. Cal. March 23, 2012) (No. 1:11-cv-00678-AWI-JLT)

6 (adopting recommendation of $4000.00 statutory damages); *J & J Sports Productions, Inc. v.*

7 *Morales*, 2012 WL 761670 at *3 (E.D. Cal. March 8, 2012) (No. 1:10-cv-01694-AWI-GSA)

8 (awarding statutory damages of $4400.00); *Joe Hand Productions, Inc. v. Phillips*, 2012 WL

9 688799 at *2 (N.D. Cal. March 2, 2012) (No. C 11-3837 SI) (noting that mere allegation of

10 willfulness does not merit enhanced damages and awarding $5000.00); *Joe Hand Productions,*

11 *Inc. v. Mannor*, 2012 WL 113792 at * 7 (E.D. Cal. January 13, 2012) (No. 2:11-cv-01426 WBS)

12 (awarding $10,000.00 and noting no evidence of justifying enhanced damages); *Joe Hand*

13 *Promotions, Inc. v. Nguyen*, 2011 WL 4551454 at *2-3 (N.D. Cal. September 30, 2011) (No.

14 5:10-cv-05856 EJD) (finding no basis for enhanced damages and awarding statutory damages of

15 $5000.00); *Joe Hand Promotions, Inc. v. Juarez*, 2011 WL 4590918 at *2 (N.D. Cal. September

16 30, 2011) (No. 5:10-cv-05580 EJD) (awarding minimum statutory damages of  $250.00 where

17 only three patrons were present in a restaurant with a capacity of 80 people);  *Joe Hand*

18 *Promotions, Inc. v. Nguyen,* 2011 WL 704441 at *3 (N.D. Cal. February 21, 2011) (No. 10-cv-

19 02563-LHK) (awarding $2000.00 in statutory damages); *J & J Sports Productions, Inc. v. Ro*,

20 2010 WL 668065 (N.D. Cal. February 19, 2010) (No. C 09-02860 WHA) (ordering $250 in

21 statutory damages); *J & J Sports Productions, Inc. v. Miranda*, 2009 WL 3837273 (N.D. Cal.

22 November 16, 2009) (No. C 09-1037 SI) (awarding $1000 statutory damages); *J & J Sports*

23 *Productions, Inc. v. Hernandez*, 2010 WL 1980186 (E.D. Cal. May 17, 2010), *report and*

24 *recommendation adopted*, 2010 WL 2650526 (E.D. Cal. July 1, 2010) (No. 2:09-cv-3389 GEB

25 KJN) (entering judgment for $10,000 in statutory damages); *J & J Sports Productions, Inc. v.*

26 *Man Thi Doan*, 2008 WL 4911223 (N.D. Cal. November 13, 2008) (No. C-08-00324 RMW)

27 (awarding $2500 statutory damages).  *See also J & J Sports Productions, Inc. v. Gamino*, 2012

28 WL 913743 at * 5 (E.D. Cal. March 16, 2012) (No. 1:11-cv-1056-AWI-BAM) (recommending

1  statutory damages of $1000.00); *Joe Hand Promotions, Inc. v. Williams*, 2011 WL 6012483 at *3

2  (E.D. Cal. December 1, 2011) (No. 1:11-cv-00498-AWI-SMS) (recommending $2200 in

3  statutory damages with no enhancement); *Joe Hand Promotions, Inc. v. Olivera*, 2010 WL

4  2902344 (E.D. Cal. July 22, 2010) (No. CIVS-09-2501 FCD DAD) (recommending $7500 in

5  statutory damages for unlicensed showing of bout in the plaintiff's two Stockton establishments,

6  each with one television, serving forty and ten customers respectively, despite the plaintiff's

7  request for $110,000, in the absence of cover charge, food or drink premium, promotion of

8  event); *Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010) (No.

9  CIVS-09-03155 MCE DAD) (recommending damages of $5000 for first-time offender who

10 neither advertised nor imposed a cover charge or increased food or drink prices, where 47 patrons

11 were inside his lounge during screening of ultimate fighting bout on four 27-inch televisions,

12 despite the plaintiff's request for $110,000 in statutory damages and enhancement).

13        In some cases, courts have calculated damages by multiplying a reasonable cover charge

14 by the actual number of patrons.  *Backman*, 102 F.Supp.2d 1196 (16 patrons x $15 per seat plus

15 $300 for possible future losses = $540).  The amount that the licensing fee would have been had

16 the establishment secured a license to show the program legally is another relevant consideration.

17 *See Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)

18 (affirming district court's determination, in the course of a Rule 59 motion, to reduce damages

19 from $80,400 to $4,000 after judge learned that licensing fee would have been $3000 to $6000).

20 *See also J & J Sports Productions, Inc. v. Canedo*, 2009 WL 4572740 (N.D. Cal. December 1,

21 2009) (No. C 09-01488 PJH) (recommending that the plaintiff's damages be limited to its actual

22 damages: the unpaid license fee).

23        As previously mentioned, the judge in *Streshly* was sufficiently angered by what he

24 termed "cookie-cutter pleadings that trivialize the particular facts of this case and ignore the

25 voluminous case law that reveals its requested judgment to be so wildly out of the question" that

26 the court dismissed the Plaintiff's motion and directed the Plaintiff to resubmit within one week a

27 motion requesting reasonable damages, compliant with current case law, or have its case

28 dismissed with prejudice.  655 F.Supp.2d at 1138.  Although Plaintiff in this case, represented by

1  the same attorney as the Plaintiff in *Streshly*, has requested a manifestly excessive award in light

2  of applicable law and facts, this Court declines to recommend that Plaintiff be provided another

3  opportunity to justify its request for maximum statutory damages and the maximum statutory

4  enhancement.  In light of the size of both the establishment and the audience that viewed the

5  program, this Court recommends that statutory damages be set at $3000.00.  Combined with the

6  $1200.00 conversion award, the total damages of $4200.00 represent over three times Plaintiff's

7  actual damages, equal a per capita charge of approximately $80.00, and constitute a severe fine

8  for a restaurant such as Halfy's Pub.

9  **IV.     Recommendation**

10         The Court **RECOMMENDS** that judgment be entered in this action against Defendants,

11  and that the total amount of damages be fixed at a total amount of $4200.00, allocated $3000.00

12  for violation of 47 U.S.C. § 605 and $1200.00 for actual damages associated with the tort of

13  conversion.

14         These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,

15  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and

16  Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of

17  California.  Within thirty (30) days after being served with a copy, any party may file written

18  objections with the court, serving a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

20  shall be served and filed within ten (10) days after service of the objections.  The Court will then

21  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

22  advised that failure to file objections within the specified time may waive the right to appeal the

23  District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24

25  IT IS SO ORDERED.

26  **Dated:     June 19, 2012**                     _____/s/ Sandra M. Snyder_____
                                                     UNITED STATES MAGISTRATE JUDGE

27

28