UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. 1:11-cv-01907-AWI-SMS |
| Plaintiff, | |
| v. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| JEFFREY ALAN HATHCOCK and MARLENE SUE HATHCOCK, | |
| Defendants. | (Docs. 13 and 16) |

Plaintiff Joe Hand Promotions, Inc., moved for Entry of Default Judgment against Defendants Jeffrey Alan Hathcock and Marlene Sue Hathcock, individually and doing business as Halfy's Pub. This matter was referred to United States Magistrate Judge Sandra M. Snyder pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On June 20, 2012, the Magistrate Judge filed Findings and Recommendations recommending that Plaintiff's motion be granted. The Findings and Recommendations provided thirty days for the filing of objections. On July 18, 2012, Plaintiff objected, contending that the facts mandated an award of more damages than the amount recommended by the Magistrate Judge. In particular, Plaintiff objected to the Magistrate Judge's failure to recommend enhanced damages, arguing that Defendant's actions were willful and for the purpose of commercial advantage or financial gain.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the

Findings and Recommendations to be supported by the record and proper analysis. In an amount over three times that of the applicable licensing fee, total damages of $4200.00 represent sufficient deterrence in a case against a first-time offender.

Nor does the Court find persuasive Plaintiff's argument for enhanced damages. Although, "upon default, the well pleaded allegations of the complaint relating to liability are taken as true" *(Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)), the complaint in this matter alleges no facts constituting a well pleaded allegation that Defendant's actions were willful or for the purpose of commercial advantage or financial gain.

To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-56 (*internal quotation marks and citations omitted*). In its complaint, Plaintiff simply alleged a legal conclusion: "Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendant [*sic*] was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." Doc. 1 at 4. Plaintiff having failed to allege facts establishing the grounds of entitlement to enhanced damages, this Court cannot award enhanced damages.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations, filed June 20, 2012, are adopted in full.

IT IS SO ORDERED.

Dated:   July 20, 2012                                       
CHIEF UNITED STATES DISTRICT JUDGE